**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| FRANKLIN INOJOSA, | ) | |
|      Plaintiff, | ) | |
| | ) | Case No. 20 CV 01114 |
|   v. | ) | |
| | ) | Judge Charles P. Kocoras |
| BOARD OF TRUSTEES OF THE CITY | ) | |
| COLLEGES OF CHICAGO, COMMUNITY | ) | Magistrate Judge David M. Weisman |
| COLLEGE DISTRICT 508, a municipal | ) | |
| corporation, | ) | |
|      Defendant. | ) | |
| | ) | |

## DEFENDANT'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

City Colleges of Chicago, Community College District 508 ("Defendant" or "CCC"), by and through its undersigned attorneys, responds to Plaintiff Franklin Inojosa's ("Plaintiff") Complaint as follows:

## INTRODUCTION

1.      This is an action for discrimination based upon national origin, color, sex and retaliation pursuant to Titles VI and VII of the Civil Rights Act of 1964, as amended, and the Age Discrimination in Employment Act of 1967.

**ANSWER:**      **Defendant admits that Plaintiff's Complaint purports to bring discrimination and retaliation claims under Titles VI and VII of the Civil Rights Act of 1964, as amended, and the Age Discrimination in Employment Act of 1967. Defendant denies any and all violations of the law Plaintiff alleges against it.**

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. §§2000e-2, 1988. The Northern District of Illinois has personal jurisdiction over CCC because it maintains offices in the District and does business in

1

Illinois.

**ANSWER: Defendant admits that this Court has jurisdiction over the federal law claims brought in Plaintiff's Complaint. Defendant denies any and all violations of the law Plaintiff alleges against it.**

3.     Venue is proper in this District pursuant to 28 U .S.C. § 1391 (b) and 42 U.S.C. 2000e-5(f)(3) in that CCC's principal place of business is in this District (180 N. Wabash, Chicago, Illinois), the unlawful employment practices occurred in this District, the employment records relevant to such practice are maintained and administered in this District, a substantial part of the events or omissions giving rise to the claims occurred in this District, and Inojosa is a citizen of, resides in and works at one of the colleges of the Chicago Community Colleges in this District.

**ANSWER: Defendant admits that venue is proper in this judicial district. Defendant denies any and all violations of the law Plaintiff alleges against it.**

4.     Inojosa has satisfied the administrative requirements for his Title VII and ADEA claims. He timely filed an EEOC charge asserting discrimination based on color, national origin, age and retaliation (No. 440-2019-05941) on November 15, 2019, and received a Notice of Right to Sue from the EEOC that was mailed on November 21, 2019 (that "right to sue letter" is attached hereto as Exhibit A). The complaint is timely filed within 90 days of lnojosa's receipt of the right to sue letter.

**ANSWER: Defendant admits that Plaintiff filed Charge No. 440-2019-05941 with the Equal Employment Opportunity Committee ("EEOC") on November 15, 2019, alleging discrimination based on color, sex, national origin, age, and retaliation, and that the EEOC issued a right to sue letter on November 21, 2019. Defendant lacks sufficient knowledge or information of the date that Plaintiff received the right to sue letter, and therefore**

**Defendant can neither admit nor deny whether this Complaint was timely filed or whether Plaintiff satisfied his administrative requirements.**

<h3 align="center">PARTIES</h3>

5.      Inojosa is a highly experienced educator with several advanced degrees. He was born in Venezuela, South America, and is a citizen of the United States, to which country he relocated after receiving his Bachelor of Music degree from the Instituto Universitario de Estudios Musicales in Caracas, Venezuela.

**ANSWER:      Defendant objects to the phrase "highly experienced educator" as vague and subjective. Defendant does not track the national origins of its employees and therefore lacks sufficient knowledge or information to admit or deny that Plaintiff was born in Venezuela, South America. Defendant Defendant admits that Plaintiff has several advanced degrees. Upon information and belief, Defendant admits that Plaintiff received a Bachelor of Music degree from the Instituto Universitario de Estudio Musicales in Caraca, Venezuela, and that he is a citizen of the United States..**

6.      He has a Master in Music from the University of the Arts in Pennsylvania, as well as a Performer Diploma and a Ph.D. in Latin American Literature, Spanish and Folklore from Indiana University.

**ANSWER:      Upon information and belief, Defendant admits the allegations in Paragraph 6.**

7.      Inojosa has taught in the CCC system since 2001, initially as an adjunct and then as a full-time faculty in 2002. Since 2009, he has been employed at the rank of full professor in the Department of World Languages and English Language Learning ("WL & ELL") at Harold Washington College ("HWC"), which is one of seven colleges within the CCC system, located at

30 E. Lake Street, Chicago, Illinois.

**ANSWER:** **Defendant admits that its records reflect that Plaintiff has worked for Defendant since 2001, that Plaintiff initially worked as an adjunct professor and was subsequently promoted to full time in 2002, and that Plaintiff has been a full time professor in the World Languages and English Language Learning Department at Harold Washington College, located at 30 E. Lake Street, Chicago, Illinois, since 2010.**

8.      He is a dark-skin heterosexual male, born in 1955 who will reach the age of 65 this calendar year.

**ANSWER:** **Defendant is without sufficient knowledge or information of Plaintiff's skin color and sexual orientation. CCC admits that Complainant identifies as male and was born in 1955.**

9.      The Board is responsible for operating the seven colleges located throughout Chicago. The Board has jurisdiction over all policies and procedures brought before the Board. One of the colleges it operates is HWC, a public, two-year community college which offers associate degrees and shorter-term certification programs, with a student population of almost 10,000 and 212 faculty members.

**ANSWER:** **Defendant objects to the second sentence of Paragraph 9 as vague and ambiguous and is therefore without sufficient information or knowledge to admit or deny the allegations therein. Defendant admits that it is the largest community colleges system in Illinois and one of the largest in the nation, with more than 4,000 faculty and staff serving 77,000 students annually at seven colleges and five satellite sites. CCC further admits that Harold Washington College is a public, two-year college that provided education to approximately 10,982 students and employs approximately 103 full-time faculty members**

**as of the Fall 2020 semester.**

**FACTS RELEVANT TO ALL COUNTS**

10.     Nationwide, roughly 3 percent of all full-time faculty members at colleges and universities in the United States are Hispanic males (5% total male and female). This percentage is significantly below the national population average of approximately 9 percent Hispanic males (18% total male and female). Inojosa is one of a few Hispanic full professors at HWC and the only full-time or part-time academic of Venezuelan national origin in his department. He is also the oldest member of his department.

**ANSWER:     Defendant is without sufficient knowledge or information to admit or deny the statements made in the first two sentences of Paragraph 10. Defendant does not track the national origins of its employees and therefore lacks sufficient knowledge or information to admit or deny that Plaintiff is the only full-time or part-time academic of Venezuelan national origin in his department. Defendant denies that Plaintiff is "one of a few Hispanic full professors at HWC" and denies that Plaintiff is the oldest member of the World Languages and English Language Learning Department.**

11.     Since coming to HWC in 2009, Inojosa has had ongoing problems maintaining his teaching load within his discipline in his WL & ELL department.

**ANSWER:     Defendant denies the allegations in Paragraph 11.**

12.     Pursuant to contract, all full-time HWC faculty in academic departments are required to choose their course assignment loads for each coming semester and to do so one year in advance. The process of choosing courses to teach is based on seniority and alternate selection or "round robin" process by each full-time faculty in the same discipline.

**ANSWER:     Defendant admits that course assignments are made pursuant to the**

**collective bargaining agreement between Defendant and the Union which represents**

**Plaintiff. Defendant denies that all courses are assigned in the same manner.**

13.     The process of selecting courses is to choose courses within one's department and within one's discipline, while any remaining teaching load is selected outside the department only if there are no available courses remaining within the department.

**ANSWER:     Defendant admits the allegations in Paragraph 13.**

14.     Inojosa's primary discipline in his WL & ELL department in Spanish. He also holds the third highest seniority rank in the department, is the only male among the three highest seniority holders, and the only faculty member of the three born outside the United States.

**ANSWER:     Defendant denies that Plaintiff holds the third highest seniority rank in his department and therefore that he is the only male among the three highest seniority holders. CCC does not track the national origins of its employees and therefore lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 14.**

15.     For many years, Inojosa fulfilled his teaching load by not insisting on his seniority to teach within his WL & ELL department, but instead teaching courses in another department when he was not accorded his seniority and "round robin" course selection process in choosing courses within his department. Such forbearance by Inojosa meant that he had more onerous teaching schedules in that he was not able to select courses scheduled for better days and at better times where students tend to enroll the most.

**ANSWER:     Defendant denies the allegations in Paragraph 15.**

16.     However, as CCC did not ameliorate the unequal allocation of courses for

6

Inojosa, beginning in 2018, he stopped accepting the fulfillment of his teaching load through a different department and instead requested recognition of his right to teach his discipline within his own department and that the regular procedures be used to allot those courses based on seniority and round robin selection.

**ANSWER:** **Defendant denies the allegations in Paragraph 16.**

17.     Thereafter, the Board continued to discriminate against Inojosa by:

a.     Refusing to honor his seniority and allowing other faculty with less seniority or rank who are not foreign-born , non-Venezuelan , male, older and dark-skinned, to select courses to teach that Inojosa preferred knowing that those preferred courses had reduced risks of cancellation due to low enrollment;

**ANSWER:** **Defendant denies the allegations in Paragraph 17(a).**

b.     Cancelling at the last minute courses assigned to Inojosa, requiring him to make forced choices of other courses to teach with the resultant increased burden in preparation time and other scheduling changes;

**ANSWER:** **Defendant denies the allegations in Paragraph 17(b).**

c.     Cancelling at the last minute courses assigned to Inojosa for allegedly low enrollments while allowing other faculty with less seniority or rank who are not foreign-born, non-Venezuelan, male, older and dark-skinned to teach low enrollment courses; and

**ANSWER:** **Defendant denies the allegations in Paragraph 17(c).**

d.      Not allowing Inojosa to select assignments of available computer

classrooms needed for teaching hybrid-blended courses (on-line and in class), but instead

allowing others with Jess rank or seniority who are not foreign-born, non-Venezuelan,

male, older and dark-skinned to obtain favored classrooms.

**ANSWER:      Defendant denies the allegations in Paragraph 17(d).**

18.      In addition, Inojosa has complained about the discrimination he has suffered and

has used the established avenues for redress in doing so, resulting in further discrimination in the

form of additional derogation of his seniority and further limitations on his ability to select

courses within his WL & ELL department to teach.

**ANSWER:      Defendant denies the allegations in Paragraph 18.**

19.      These discriminatory actions have continued through the Fall semester 2019.

**ANSWER:      Defendant denies the allegations in Paragraph 19.**


20.      In the Fall semester 2019, one full-time faculty member with a higher seniority

rank than Inojosa went on sabbatical. Instead of allowing Inojosa the opportunity to teach the

online courses that the faculty member on sabbatical was leaving, those courses were cancelled

and Inojosa was placed below other online credentialed full-time faculty who were not

foreign-born, non-Venezuelan, male, older and dark-skinned, and who had less seniority for the

assigning of fall courses.

**ANSWER:      Defendant denies the allegations in Paragraph 20.**

### COUNT I
### VIOLATION OF TITLE VII (NATIONAL ORIGIN DISCRIMINATION

21.      Plaintiff restates and incorporates by reference the allegations set forth in

paragraphs 1 - 20 as paragraph 21 of this Count I.

**ANSWER:** **Defendant restates and incorporates by reference its Answers to Paragraphs 1-20 of the Complaint as its Answer to Paragraph 21 as though fully set forth therein.**

22.     Title VII of the Civil Rights Act of 1964 prohibits discrimination in employment practices, and provides in specific (42 U .S.C. § 2000e-2), that it is an unlawful employment practice to for an employer to "limit, segregate, or classify h is employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual 's ... national origin."

**ANSWER:** **Defendant admits that Title VII of the Civil Rights Act of 1964 prohibits employment discrimination based on national origin.**

23.     At all times pertinent to this complaint, Inojosa was with in a protected category of national origin (South American, Venezuelan by birth) as provided by Title VII.

**ANSWER:** **CCC does not track the national origins of its employees and therefore lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 23.**

24.     During the course of his employment, Inojosa was subjected to different terms and conditions of employment because of his national origin.

**ANSWER:** **Defendant denies the allegations in Paragraph 24.**

25.     The Board's conduct as alleged above (¶¶ 15 - 20) constitutes discrimination

based upon national origin in direct violation of Title VII.

**ANSWER:** **Defendant denies the allegations in Paragraph 25.**

26.     As a result of the Board's discriminatory conduct, Inojosa has been damaged in his career and in his person and has suffered compensable damage.

**ANSWER:** **Defendant denies the allegations in Paragraph 26.**

**WHEREFORE**, Plaintiff Franklin Inojosa prays for the following relief:

A.     An order declaring that the Board violated Title VII;

B.     An order enjoining future violations and requiring the Board to afford a working environment free from discrimination, including discrimination based on race;

C.     Payment of all lost, past and future wages and benefits (including any and all types of compensation and benefits, back pay, and front pay);

D.      Compensatory, emotional and mental distress damages; reputational, punitive or exemplary damages; statutory and liquidated damages; and civil penalties;

E.     Payment of Inojosa's attorney's fees and costs of litigation (including statutory fees and expert witness fees);

F.     Pre- and post-judgment interest; and

G.     All other and relief, whether legal or equitable, that this Court may deem appropriate.

**ANSWER:** **Defendant denies any and all violations of the law Plaintiff makes against it. Defendant denies that Plaintiff is entitled to any relief. Defendant denies that Plaintiff is entitled to pursue any damages not provided for by Title VII. Further answering,**

**Defendant states that Judge Kocoras has found that Plaintiff is not entitled to punitive or exemplary damages, Docket Entry ("D.E.") 16.**

## COUNT II
## VIOLATION OF TITLE VII (RACE/COLOR)

27.      Plaintiff restates and incorporates by reference the allegations set forth in paragraphs 1-20 as paragraph 27 of this Count II.

**ANSWER:      Defendant restates and incorporates by reference its Answers to Paragraphs 1-20 of the Complaint as its Answer to Paragraph 27 as though fully set forth therein.**

28.      At all times pertinent, Inojosa was a person protected by the provisions of Title VII of the Civil Rights Act of 1964, which prohibit employment practices that "otherwise adversely affect his status as an employee, because of such individual's ... race, color ... ."

**ANSWER:      Defendant admits that Title VII of the Civil Rights Act of 1964 prohibits employment discrimination based on race and color.**

29.      The Board deprived Inojosa of his rights granted by Title VII when they deliberately and intentionally discriminated against him the facts set forth above (¶¶ 15 - 20).

**ANSWER:      Defendant denies the allegations in Paragraph 29.**

30.      During the course of his employment, Inojosa was subjected to different terms and conditions of employment because of his race/color.

**ANSWER:      Defendant denies the allegations in Paragraph 30.**

31.     The Board's conduct as alleged above constitutes discrimination based upon race/color in direct violation of Title VII.

**ANSWER:     Defendant denies the allegations in Paragraph 31.**

32.     As a result of the Board's discriminatory conduct, Inojosa has been damaged in his career and in his person and has suffered compensable damage.

**ANSWER:     Defendant denies the allegations in Paragraph 32.**

**WHEREFORE,** Plaintiff Franklin Inojosa prays for the following relief:

A.      An order declaring that the Board violated Title VII;

B.      An order enjoining future violations and requiring the Board to afford a working environment free from discrimination, including discrimination based on race;

C.      Payment of all lost, past and future wages and benefits (including any and all types of compensation and benefits, back pay, and front pay);

D.      Compensatory, emotional and mental distress damages; reputational, punitive or exemplary damages; statutory and liquidated damages; and civil penalties;

E.      Payment of Inojosa's attorney 's fees and costs of litigation (including statutory fees and expert witness fees);

F.      Pre- and post-judgment interest; and

G.      All other and relief, whether legal or equitable, that this Court may deem appropriate.

**ANSWER:     Defendant denies any and all violations of the law Plaintiff makes against it. Defendant denies that Plaintiff is entitled to any relief. Defendant denies that Plaintiff is**

entitled to pursue any damages not provided for by Title VII. Further answering, **Defendant states that Judge Kocoras has found that Plaintiff is not entitled to punitive or exemplary damages, Docket Entry ("D.E.") 16.**

**COUNT III**
**VIOLATION OF ADEA**

34.     Plaintiff restates and incorporates by reference the allegations set forth m paragraphs 1-20 as paragraph 34 of this Count III.

**ANSWER:     Defendant restates and incorporates by reference its Answers to Paragraphs 1-20 of the Complaint as its Answer to Paragraph 34 as though fully set forth therein.**

35.     Pursuant to the ADEA, 29 U.S.C. 1[623(a)(l), it is unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."

**ANSWER:     Defendant admits that the Age Discrimination in Employment Act prohibits employment discrimination based on age.**

36.     Inojosa has been discriminated against by the Board as a result of his age (64) in violation of the ADEA.

**ANSWER:     Defendant denies the allegations in Paragraph 36.**

37.     As alleged above (¶¶ 15 - 20), these actions have continued through the fall 2019.

**ANSWER:     Defendant denies the allegations in Paragraph 37.**

38.     The Board's acts and omissions were materially adverse to Inojosa in the performance of his duties as a Full Professor with seniority at Harold Washington College.

**ANSWER:**     **Defendant denies the allegations in Paragraph 38.**


**WHEREFORE**, Plaintiff Franklin Inojosa prays for the following relief:

A.     An order declaring that Defendant Board violated the ADEA;

B.     An order enjoining future violations and requiring Defendant Board to afford a working environment free from discrimination based on age;

C.     Payment of all lost, past and future wages and benefits (including any and all types of compensation and benefits, back pay, and front pay);

D.     Compensatory, emotional and mental distress damages; reputational, punitive or exemplary damages; statutory and liquidated damages; and civil penalties;

E.     Treble damages due to the willful nature of Defendant JMLS's and Dickerson's conduct;

F.     Payment of Plaintiff s attorney's fees and costs of litigation (including statutory fees and expert witness fees);

G.     Pre- and post-judgment interest; and

H.     All other relief, whether legal or equitable, that this Court may deem appropriate.

**ANSWER:**     **Defendant denies any knowledge of "JMLS" or "Dickerson". Defendant denies any and all violations of the law Plaintiff makes against it. Defendant denies that Plaintiff is entitled to any relief. Defendant denies that Plaintiff is entitled to pursue any damages not provided for by ADEA. Further answering, Defendant states that Judge**

**Kocoras has found that Plaintiff is not entitled to punitive or exemplary damages, Docket**

**Entry ("D.E.") 16.**

**COUNT IV**
**<u>VIOLATION OF TITLE VI</u>**

39.     Plaintiff restates and incorporates by reference the allegations set forth in

paragraphs 1-20 as paragraph 39 of this Count IV.

**<u>ANSWER</u>:     Defendant restates and incorporates by reference its Answers to Paragraphs**

**1-20 of the Complaint as its Answer to Paragraph 39 as though fully set forth therein.**

40.     Title VI of the Civil Rights Act, 42 U.S.C. § 2000 *et seq.,* provides, in pertinent

part, that "[n]o person in the United States shall on the ground of race, color, or national origin,

be excluded from participation in, be denied the benefits of or be subjected to discrimination

under any program or activity receiving federal financial assistance."

**<u>ANSWER</u>:     Defendant admits that Paragraph 40 accurately reflects a portion of Title VI**

**of the Civil Rights Act but denies that it is pertinent in this matter.**

41.     The Board accepts and receives funding from the federal government for, *inter*

*alia,* educational scholarships, grants and loans.

**<u>ANSWER</u>: Defendant admits that it receives federal financial aid.**

42.      Such funding includes federal and state funds through the U.S. Department of

Education and other federal agencies, and is based, in part, on the minority composition of

Columbia's student body and faculty.

**<u>ANSWER</u>:     Defendant denies any knowledge of or relevance of "the minority**

15

**composition of Columbia's student body and faculty".  Defendant admits that it receives**
**funds from governmental agencies which are based, in part, on the minority composition of**
**its student body and faculty.**

43.     The Board denied Inojosa participation in and benefits of its programs by
subjecting him to discrimination as stated above in ¶¶ 15 – 20.

**ANSWER:     Defendant denies the allegations in Paragraph 43.**

44.     The Board treated Inojosa differently from non-dark skinned faculty.

**ANSWER:     Defendant denies the allegations in Paragraph 44.**

45.     As a result of Defendants' discrimination, Inojosa has suffered damages in the
nature of, harm to his career, emotional distress, embarrassment and the deprivation of his civil
rights.

**ANSWER:     Defendant denies the allegations in Paragraph 45.**

**WHEREFORE,** Plaintiff Franklin Inojosa prays for the following relief:

A.     An order declaring that Defendants violated Title VI;

B.     An order enjoining future violations and requiring Defendant Board to afford a
working environment free from discrimination, including discrimination based on race;

C.     Payment of all lost, past and future wages and benefits (including any and all
types of compensation and benefits, back pay, and front pay);

D.     Treble damages due to the willful nature of Defendants' conduct;

E.      Compensatory, emotional and mental distress damages; reputational, punitive or exemplary damages; statutory and liquidated damages; and civil penalties;

F.      Payment of Plaintiff's attorney's fees and costs of litigation (including statutory fees and expert witness fees);

G.      Pre- and post-judgment interest; and

H.      All other and relief, whether legal or equitable, that this Court may deem appropriate.

**ANSWER:      Defendant denies any and all violations of the law Plaintiff makes against it. Defendant denies that Plaintiff is entitled to any relief. Defendant denies that Plaintiff is entitled to pursue any damages not provided for by Title VI. Further answering, Defendant states that Judge Kocoras has found that Plaintiff is not entitled to punitive or exemplary damages, Docket Entry ("D.E.") 16.**

## COUNT V
## VIOLATION OF TITLE VII (SEX)

46.      Plaintiff restates and incorporates by reference the allegations set forth m paragraphs 1-20 as paragraph 46 of this Count V.

**ANSWER:      Defendant restates and incorporates by reference its Answers to Paragraphs 1-20 of the Complaint as its Answer to Paragraph 46 as though fully set forth therein.**

47.      Title VII of the Civil Rights Act of 1964 prohibits discrimination in employment practices, and provides in specific (42 U .S.C. § 2000e-2), that it is an unlawful employment practice to for an employer to "to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment

opportunities or otherwise adversely affect his status as an employee, because of such individual's ... sex... .

**ANSWER:** **Defendant admits that Title VII of the Civil Rights Act of 1964 prohibits employment discrimination based on sex.**

48. At all times pertinent to this complaint, Inojosa was within a protected category of national origin (male) as provided by Title VII.

**ANSWER:** **Defendant denies that Plaintiff's "national origin" is male. Defendant further denies that Title VII was intended to consider being male a protected category outside of certain specific circumstances.**

49. During the course of his employment, Inojosa was subjected to different terms and conditions of employment because of his sex.

**ANSWER:** **Defendant denies the allegations in Paragraph 49.**

50. The Board's conduct as alleged above (¶¶ 15 - 20) constitutes discrimination based upon gender in direct violation of Title VII.

**ANSWER:** **Defendant denies the allegations in Paragraph 50.**

51. As a result of the Board's discriminatory conduct, Inojosa has been damaged in his career and in his person and has suffered compensable damage.

**ANSWER:** **Defendant denies the allegations in Paragraph 51.**

**WHEREFORE**, Plaintiff Franklin Inojosa prays for the following relief:

A.     An order declaring that the Board violated Title VII;

B.     An order enjoining future violations and requiring the Board to afford a working environment free from discrimination, including discrimination based on race;

C.     Payment of all lost, past and future wages and benefits (including any and all types of compensation and benefits, back pay, and front pay);

D.     Compensatory, emotional and mental distress damages; reputational, punitive or exemplary damages; statutory and 1iquidated damages; and civil penalties;

E.     Payment of Inojosa's attorney's fees and costs of litigation (including statutory fees and expert witness fees);

F.     Pre- and post-judgment interest; and

All other and relief, whether legal or equitable, that this Court may deem appropriate.

**ANSWER:     Defendant denies any and all violations of the law Plaintiff makes against it. Defendant denies that Plaintiff is entitled to any relief. Defendant denies that Plaintiff is entitled to pursue any damages not provided for by Title VII. Further answering, Defendant states that Judge Kocoras has found that Plaintiff is not entitled to punitive or exemplary damages, Docket Entry ("D.E.") 16.**

## COUNT VI
## VIOLATION OF TITLE VII (RETALIATION)

52.     Plaintiff restates and incorporates by reference the allegations set forth in paragraphs 1-20 as paragraph 52 of this Count VI.

**ANSWER:     Defendant restates and incorporates by reference its Answers to Paragraphs 1-20 of the Complaint as its Answer to Paragraph 52 as though fully set forth therein.**

53.     Inojosa was subjected to different terms and conditions of employment and punished for complaining about discrimination, and was denied equal opportunity for class room courses and facilities for opposing and proposing changes to employment practices that discriminate and are in violation of Title VII of the Civil Rights Act of 1964.

**ANSWER:**     **Defendant denies the allegations in Paragraph 53.**


54.     As alleged above (¶¶ 15 - 20), these actions occurred over several years, including the Fall semester of 2019.

**ANSWER:**     **Defendant denies the allegations in Paragraph 54.**


55.     The Board 's acts and omissions were materially adverse to Inojosa, resulting in disparate terms of employment. in direct violation of Title VII.

**ANSWER:**     **Defendant denies the allegations in Paragraph 55.**


56.     As a result of the Board's discriminatory conduct, Inojosa has been damaged in his career and in his person and has suffered compensable damage.

**ANSWER:**     **Defendant denies the allegations in Paragraph 56.**


**WHEREFORE**, Plaintiff Franklin Inojosa prays for the following relief:

A.     An order declaring that the Board violated Title VII;

B.     An order enjoining future violations and requiring the Board to afford a working environment free from discrimination, including discrimination based on retaliation;

C.      Payment of all lost, past and future wages and benefits (including any and all types of compensation and benefits, back pay, and front pay);

D.      Compensatory, emotional and mental distress damages; reputational, punitive or exemplary damages; statutory and liquidated damages; and civil penalties;

E.      Payment of Inojosa's attorney's fees and costs of litigation (including statutory fees and expert witness fees);

F.      Pre- and post-judgment interest; and

All other and relief, whether legal or equitable, that this Court may deem appropriate.

**ANSWER:**             **Defendant denies any and all violations of the law Plaintiff makes against it. Defendant denies that Plaintiff is entitled to any relief. Defendant denies that Plaintiff is entitled to pursue any damages not provided for by Title VII. Further answering, Defendant states that Judge Kocoras has found that Plaintiff is not entitled to punitive or exemplary damages, Docket Entry ("D.E.") 16.**

## DEFENDANT'S AFFIRMATIVE DEFENSES

Further, Defendant asserts the following defenses and states:

1.      Plaintiff has not exhausted his remedies under the collective bargaining agreement which governs the terms and conditions of his employment, including class assignments, and provides a grievance process that culminates in arbitration.

2.      Any and all allegations under Title VII of the Civil Rights Act of 1964 and Age Discrimination in Employment Act that occurred beyond 300 days prior to the filing of Plaintiff's EEOC Charge are untimely.

3.      Any and all allegations that occurred beyond one year prior to the filing of the Complaint are untimely under the Local Governmental and Governmental Employees Tort Immunity Act. 745 ILCS 10/8-101.

**WHEREFORE**, Defendant denies that Plaintiff is entitled to any relief whatsoever, and

requests that this Court dismiss Plaintiff's claims with prejudice and award Defendant its costs.


Dated: September 28, 2020                    Respectfully submitted,

                                             BOARD OF TRUSTEES OF THE CITY
                                             COLLEGES OF CHICAGO,
                                             COMMUNITY COLLEGE DISTRICT 508

                                             By: */s/ Christopher R. Jensen*
                                             Christopher R. Jensen,
                                             Associate General Counsel

Christopher R. Jensen
Associate General Counsel
Office of the General Counsel, City Colleges of Chicago
180 N Wabash, Suite 200
Chicago, Illinois 60601
T: (312) 553-2772
E: cjensen7@ccc.edu